[Civ. No. 12543. Second Appellate District, Division Two.—April 19, 1940.]

S. MAYER, Appellant, v. JOSEPH MOLINAR, Respondent.

I. Charles Rubin for Appellant.

Carroll W. Harlan and Birger Tinglof for Respondent.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover upon two promissory notes plaintiff appeals.

Viewing the evidence most favorable to defendant (respondent), the essential facts are:

May 11, 1936, defendant executed two notes in favor of Sam Pozen, plaintiff's assignor, in the sum of $2,332.16 and $1,000 respectively. The two notes sued upon were part of a contemporaneous tentative agreement for the purchase of the Gardner Drug Store. Concurrent with the execution of these notes an agreement between the parties was executed reading in part as follows:

"The purchase price of the business as hereinbefore itemized is to be arrived at in the following manner:

"All fixtures and equipment, including stocks of merchandise, are to be invoiced at the fixed price of $7,000.00.

"Terms of payment are to be as follows: Party of the first part (Pozen, the Seller) agrees to accept from the party of the second part (Molinar, the Buyer), his note, in the amount of $5,000.00, this note being secured by a chattel mortgage on the store fixtures and payable at the rate of $100.00 per month or more on the deferred payments, with interest at the rate of seven per cent per annum,—the first of these installments becoming due and payable thirty days after possession of the business has been taken by the party of the second part. McKesson & Robbins, Inc., agree to transfer an existing note indebtedness of $1,200.00 due them from the party of the first part (Pozen) to the party of the second part (Molinar); this note indebtedness of $1,200.00 is payable at the rate of $75.00 per month or more, with interest on the deferred payments at the rate of seven per cent, —the payment of the note to be guaranteed by the party of the first part."

After the execution of said notes and agreement defendant purchased the Gardner Drug Store from Mr. Pozen in July, 1937, for the consideration of a $5,000 note and an agreement upon defendant's part to assume certain unpaid obligations of the drug store. Approximately two years after this latter transaction, suit was instituted on the first-mentioned notes. Defendant set up as a defense, among others, lack of consideration for the notes. The trial court found as follows:

"That neither of said notes was delivered to plaintiff's assignor and that neither of said notes was executed nor delivered to plaintiff's assignor for a valuable or any consideration."

■ This is the sole question necessary for us to determine:

*Was there substantial evidence to sustain the trial court's finding that there was no consideration for either of the notes upon which this action was predicated?*

This question must be answered in the affirmative.

Defendant testified that he gave the notes which are the basis of the present suit to plaintiff's assignor as part of a tentative agreement to purchase a business known as the Gardner Drug Store. He further testified that the transaction was never completed and that in July, 1937, he subsequently purchased the business under a new agreement by giving a

note in the sum of $5,000 secured by a mortgage and assuming certain additional indebtedness. This evidence fully supports the trial court's findings of fact set forth above.

The judgment is affirmed.

Moore, P. J., concurred.